[No. 23898.   Department Two.   July 20, 1932.]

INGRED M. PALM, *Respondent,* v. A. R. BRYDGES, *Appellant,* FRANCES NICKLAS, *Respondent.*[1]

*Rummens & Griffin,* for appellants.
*Hyland, Elvidge & Alvord,* for respondents.

MILLARD, J.—Claiming same had been paid, Ingred M. Palm brought this action for cancellation of a real estate mortgage standing of record, unsatisfied, in the name of A. R. Brydges. Alleging the mortgage was owned by him, had not been paid, and was prior to that of Frances Nicklas, whom he brought in as an additional party defendant, A. R. Brydges prayed foreclosure of his mortgage. The trial court decreed that the mortgage of defendant Nicklas was a valid and

[1] Reported in 13 P. (2d) 57.

first mortgage, and that defendant Brydges' mortgage had been paid. Defendant Brydges has appealed.

The facts are as follows:

On March 16, 1925, Ingred M. Palm executed and delivered to Osner & Mehlhorn, Inc., her three promissory notes (two for two hundred dollars each and a third for sixteen hundred dollars, payable, respectively, in one, two and three years from date) secured by a mortgage on certain real estate owned by her in King county. That mortgage was on the same date placed of record in the office of the King county auditor. The next day, Osner & Mehlhorn sold and delivered the notes to appellant, and assigned to him the mortgage given to secure their payment. The assignment was placed of record in September, 1930, which was subsequent to the disappearance of Mr. Mehlhorn, whose peculations caused the insolvency of his firm, Mrs. Palm's mortgagee.

Promptly, as the interest was due, Mrs. Palm deposited same in the office of her mortgagee, and it was by that firm promptly forwarded to appellant. When the first note for two hundred dollars became due, one year after date, Mrs. Palm deposited two hundred dollars with Osner & Mehlhorn, and that firm transmitted same to appellant. The mortgagor did not deposit with the mortgagee (Osner & Mehlhorn) the money with which to pay the second note at maturity, but continued to pay through Osner & Mehlhorn the interest on that note and on the third note until the maturity date (1928) of the third note. Upon the maturity date of the third note, there were two outstanding notes aggregating eighteen hundred dollars in principal.

Mrs. Palm applied to Osner & Mehlhorn for a new loan of two thousand dollars upon the security of the same property. Her purpose was to devote the pro-

ceeds of that loan to the payment or renewal of the original mortgage. In 1928, she executed a new series of negotiable promissory notes aggregating in principal two thousand dollars, payable to the order of Osner & Mehlhorn. To secure the payment of those notes, she executed to Osner & Mehlhorn a mortgage upon the same property covered by her mortgage of March 16, 1925, and delivered the notes and mortgage (which was immediately placed of record) to Osner & Mehlhorn, Inc., her mortgagee. She did not require any evidence from that firm of the discharge of the prior mortgage. She paid to her mortgagee the balance of $1.44, the sum of $2,001.44 being required to pay the principal of eighteen hundred dollars due on the prior mortgage, the unpaid interest thereon, the taxes, title insurance, and commission on the loan of two thousand dollars.

A few days subsequent to this transaction, Osner & Mehlhorn sold the second series of notes to Frances Nicklas, and assigned to her the second mortgage executed in 1928 by Mrs. Palm. That assignment was recorded after the disappearance of Mr. Mehlhorn, and a few days subsequent to the recordation of the assignment of the prior mortgage to appellant.

Quarter-annually, as interest was due, down to the time of Mr. Mehlhorn's disappearance, Osner & Mehlhorn transmitted to the appellant a sum of money equal to the amount of accrued interest. Appellant was not informed until on or about the time this action was commenced that a second series of notes and a second mortgage had been executed. He assumed that Mrs. Palm was paying the interest, and that it was being forwarded to him by Osner & Mehlhorn, Inc. After the execution of the second mortgage, Mrs. Palm continued to deposit the interest payments in the office of Osner & Mehlhorn, and that firm, in turn, forwarded

interest to both the appellant, who purchased the first mortgage, and respondent Nicklas, who purchased the second mortgage. Mrs. Palm also deposited two hundred dollars, which Osner & Mehlhorn forwarded to Frances Nicklas in payment of one of the notes.

The trial court incorrectly decided this contest for priority between appellant Brydges and respondent Nicklas as assignees from a common assignor (Osner & Mehlhorn, Inc.) of different mortgages covering the same real property.

Respondent Nicklas did not, by reason of the assignment to her in 1928 of the second mortgage, acquire any greater rights in the property than the assignor had. That assignor (Osner & Mehlhorn, Inc.) had no assignable interest in the property, for the reason that the Palm mortgage (in 1925) to Osner & Mehlhorn of the same property had by the mortgagee been previously assigned to appellant; and of that mortgage respondent Nicklas had constructive notice.

She was not an innocent purchaser of the mortgage. The Palm mortgage of 1925 to Osner & Mehlhorn covering the same property was recorded in the office of the county auditor March 16, 1925. An examination of the record would have disclosed the fact that the mortgage of 1925 had not been satisfied. It was the duty of respondent Nicklas, in the exercise of proper diligence, to ascertain whether any mortgage stood of record, unsatisfied, against that property. Her omission to do so deprives respondent Nicklas of the protection of a bona fide purchaser. *Liska v. Beckmann,* 168 Wash. 489, 12 P. (2d) 599.

Respondent Nicklas may not successfully invoke the doctrine that, as between two innocent parties, the person who made the fraud possible should suffer the loss. Had she exercised, in the purchase in 1928 of the second mortgage, the care required of her, she

would have discovered the recorded mortgage of 1925 existing as a prior lien against the property. Appellant was in no position to warn respondent Nicklas. He did not know that Mrs. Palm had executed a second mortgage to Osner & Mehlhorn, nor did he know that that mortgage had been assigned by Osner & Mehlhorn to respondent Nicklas.

The first mortgage was not paid by respondent Palm in cash or at all. Mrs. Palm did not part with anything of value. She received no consideration for the additional or second series of notes executed by her to Osner & Mehlhorn, which firm sold that second series of notes and second mortgage (which Mrs. Palm executed and placed in the hands of Osner & Mehlhorn without requiring any evidence from that firm of the discharge of the prior mortgage) to respondent Nicklas. The mortgage purchased by respondent Nicklas is subordinate to that of the mortgage purchased by the appellant.

It is unnecessary to review all of the authorities cited. They are either in harmony with the views herein expressed or are distinguishable on the facts from the case at bar.

The judgment is reversed, and the cause remanded with direction to proceed with the foreclosure of appellant's mortgage.

TOLMAN, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.